UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

|  |  |  |
|---|---|---|
| ALLSTATE INSURANCE CO., | ) | |
| | ) | |
| | ) | Civil Action No. 7: 05-194-DCR |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SHARON BLANKENSHIP, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

***   ***   ***   ***

This matter is pending for consideration of Sharon Blankenship's motion to remand this matter to the Pikeville Circuit Court. [Record No. 3] Because the Court concludes that: (i) Allstate Insurance Company ("Allstate") is a party that may remove this action; (ii) this action was properly removed within 30 days of the action being served upon Allstate; and (iii) the matter in controversy exceeds $75,000 exclusive of interests in costs, the motion to remand will be denied.

**I.       BACKGROUND**

On December 3, 2003, Allstate initiated an action in the Pike Circuit Court [No. 03-CI-001864 ] which it characterizes as a Petition for a Rule 35 examination.  [Record No. 4, pg. 1] On June 22, 2004 the Pike Circuit Court ordered Sharon Blankenship ("Blankenship") to attend a Rule 35 Examination with a Dr. James Brasfield.  Thereafter, on October 6, 2004, the circuit court ordered the action stricken from the docket.  [Record No. 1, Ex. 1]

On March 31, 2005, Blankenship moved the circuit court to reopen the civil action which the court had ordered stricken, under the original action number of 03-CI-001864. [Record No. 1, Ex. 2] In her pleading which is labeled a "Complaint", Blankenship alleges that Allstate has refused to pay medical expenses arising from an automobile accident on April 16, 2003. Blankenship further alleges that Allstate's decision not to pay the medical expenses is in violation of its contractual and statutory duties to Blankenship, and was in bad faith. [Record No. 1, Ex. 1] Blankenship's Motion to Reopen was granted by the Pike Circuit Court on April 13, 2005.

On March 30, 2005, Max Thompson, who had been Allstate's lawyer in the original action, was served with a copy of Blankenship's Motion to Reopen and Complaint. [Record No. 3] On April 21, 2005 Thompson received a copy of Circuit Judge Coleman's order reopening the action and a second copy of Blankenship's claim, which he labels a counterclaim. Thompson informed Blankenship by letter that he had not been retained by Allstate on the bad faith claim, and that Blankenship should serve Allstate through regular channels. On May 31, 2005, Allstate received service at their corporate office in Louisville. [Record No. 4]

On June 21, 2005, Allstate removed the state court action to this Court. Blankenship filed an objection to removal and Motion to Remand on July 14, 2005. [Record No. 3] That motion is now ripe for review.

## II.   ANALYSIS

In addressing the merits of the motion to remand, the Court must determine: (i) whether the original designation of the parties, with Allstate appearing as plaintiff and Blankenship as

defendant, is in fact the correct posture of the litigants; (ii) when service was effected -- that is, when Allstate is deemed to have been served, as this will affect additional statutory time limits; (iii) whether the two parties are diverse; and (iv) how an indeterminate pleading should be read in relation to the jurisdictional amount in controversy requirement.

### A.  Posture of Litigants (Who is the plaintiff?)

A defendant seeking removal bears the burden of establishing federal jurisdiction over a suit originally filed in state court.  *Gafford v. General Elec. Co.*, 997 F.2d 150 (6th Cir. 1993) (*citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  Ordinarily, the availability of federal jurisdiction must be determined on the face of plaintiff's complaint.  *See Okla. Tax Comm'n v. Graham*, 489 U.S. 838 (1989).  Removal is available only to "the defendant or the defendants", and procedurally, only a defendant or defendants may file a notice of removal.  28 U.S.C. §1441(a).  Therefore, a plaintiff who *elected* state court jurisdiction when filing the complaint may not later remove the action to federal court, even though a counterclaim would treat the plaintiff as a defendant under state law.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 US 100, 104-106 (1941).

There is, however, a limited exception to this general rule.  Some courts have applied a "functional test" in determining if removal should be permitted.  *See General Motors Corp. v. Gunn*, 752 F.Supp. 729 (N.D.Miss. 1990); *Lilly Indus. v. Employers Ins. of Wausau*, 2001 U.S. Dist. LEXIS 531 (W.D. Mich. 2001).  Under this test, if one party brings an action in state court for some ancillary purpose (such as to seek discovery in determining the extent of personal injury), they would be labeled as the plaintiff in court filings.  However, if a diverse defendant

then filed a counterclaim within federal jurisdiction, (such as wrongful death action for a sum in excess of $75,000 and with the parties being diverse) a plaintiff may remove the action and have the parties realigned because it is the counterclaim that is the "mainspring" of the action. *Id.*

Courts allowing such removal based their interpretation on *Mason City & Fort Dodge R.R. Co. v. Boynton*, in which Justice Holmes wrote:

> And it is obvious that the word defendant as there used is directed toward more important matters than the burden of proof or the right to open and close. It is quite conceivable that a state enactment might reverse the names which for the purposes of removal this court might think the proper ones to be applied. [For instance] In condemnation proceedings the words plaintiff and defendant can be used only in an uncommon and liberal sense. The plaintiff complains of nothing. The defendant denies no past or threatened wrong.

(*Mason City*, 204 U.S. 570, 579 (U.S. 1907))

This language implies that federal courts should not place a great deal of importance on how the state court construes the posture of the plaintiffs. Instead, each federal court must make its own determination of the parties' actual claims, and decide, for purposes of removal, whether the parties should be realigned. In such circumstances the federal court should allow those nominally listed as plaintiffs to avail themselves of the removal statutes. *See Chicago, Rock Island & Pac. R.R. Co. v. Stude*, 346 US 574, 580 (1954) (federal law applies in determining whether a party is a defendant, and it prevails over a state court's characterization or alignment of the parties.)

In the present action filed in the Pike Circuit Court, Allstate is characterized as the plaintiff. However, it argues that while it may have been originally the plaintiff, once the state

court ordered the action stricken from the docket, its cause of action was effectivly terminated. There was no further action on the case until a number of months later, when Blankenship was granted a motion to re-open the action and file what she styled as a "complaint", demanding payment of medical bills and punitive damages for denial of her claim in bad faith.

Allstate urges this Court to find that Blankenship's "Complaint" filed several months after the case was ordered stricken was in fact a complaint, and not a counter-claim as Blankenship contends.  Apart from the fact that Blankenship herself labeled the filing a "Complaint", Allstate correctly points out that Black's Law Dictionary defines a counterclaim as, "a defendant's claim in opposition to or as a setoff against the plaintiff's claim." *Black's Law Dictionary* 353 (Bryan A. Garner, ed., West Group 7th ed. 1999)

However, the Court must also take into account that federal courts have a much broader definition of counterclaims than that which Allstate urges.  Under Rule 13 of the Federal Rules of Civil Procedure (2005) a party may bring as a counterclaim "any claim . . . not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim" (Rule 13(b)) and "may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party" (Rule 13(c)).  Under the more liberal federal standard of what may be brought in a counterclaim, Blankenship's claim does not have to be considered a new complaint, as Allstate urges.

While this Court must make its own determination as to the litigation posture of the parties, and the determination of how to label the pleadings, it is instructive to look at what

effect, if any, the order of the state court striking the action from the docket, then ordering it re-instated at the urging of Blankenship would have under Kentucky state law.

Kentucky law on this question is far from settled. In *Ashlock v. Commonwealth* the Kentucky Supreme Court held, "[a]n order striking a suit from the docket, made on motion of the plaintiff, and without reservation or qualification, we should be inclined to regard as a voluntary dismissal or discontinuance, and as placing the case, after the term when the order was made, beyond the power of the Court." *Ashlock*, 46 Ky. 44, 45 (1846). Under this definition, the order of the Pike Circuit Court striking the case from the docket would have the effect of dismissing the case. Blankenship's claim would then be labeled a "Complaint" as there would be no underlying action in which she could bring a counterclaim.

However, in 1958 the Kentucky Court of Appeals, in *Van Arsdale v. Caswell*, 311 S.W.2d 404 (1958), looked at the case law surrounding the effect of "filing away a case." The court concluded that despite the clear language of *Ashlock, Phillips v. Arnett*, 164 Ky. 426 (1915) and other authorities, the trend was to view "striking a case from the docket" as similar to "filing a case away," the legal effect being that such an order is not a final disposition of a case but merely a removal from the active doctrine. The *Van Arsdale* court notes that while the courts have cited cases in which "filing away" is equated with dismissal, the same courts have allowed cases to be re-instituted more than 6 years later. *Van Arsdale*, 311 S.W.2d at 406-407.

The muddled state of Kentucky law surrounding the effect of striking a case from the docket only serves to further emphasize that this Court must make its own independent determination regarding the posture of the litigants and the question of whether Blankenship's

-6-

claim should be regarded as a Complaint or a counterclaim.  The Court believes that Allstate's argument is a more correct statement of the case history and is better supported by the case law.  Thus, this Court concludes that Blankenship's Complaint instituted a new action.

**B.  Time Limits**

Allstate and Blankenship do not disagree on the time limitations which apply to removal, and both correctly cite to 28 U.S.C. §1446 for computing the applicable periods.  However, they disagree regarding when the time limitations in question began to run.  Under Blankenship's interpretations they have each expired, whereas under Allstate's theory, the notice of removal was timely filed.

There are two relevant time periods.  The first is a requirement that the notice of removal be filed within thirty (30) days after the *receipt* by the defendant of a copy of the pleading which gives rise to federal jurisdiction.  28 U.S.C. §1446(b).  Blankenship asserts that this time period began to run when Max Thompson, who had represented Allstate originally, received notice of the court's order reopening the action and allowing the Blankenship complaint to be filed.[1]  As noted above, upon receiving the Thompson letter, Blankenship served Allstate directly on May 31.  As the 30 day statutory period does not begin to run until the named defendant has received the complaint attended by formal service of process, Allstate's notice of removal was timely filed.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999).

---

[1]      Blankenship contends the notice was received on April 13. [Record No. 3] Allstate in its Response includes a letter from Thompson stating that the notice was received on April 21. [Record No. 4] Since the notice of removal was not filed until June 20, more than 30 days after both dates, the actual date of receipt is irrelevant.

28 U.S.C. §1446(b) also states that removal on the basis of diversity jurisdiction will not be allowed more than 1 year after commencement of the action. Allstate initially filed Civil Action No. 03-CI-01864 in the Pike Circuit Court on December 3, 2003. Blankenship's Complaint was filed on March 31, 2005. As this Court has determined that the Blankenship Complaint comprises a new action, the one year time period did not begin to run until March 31, 2005. Therefore, the Notice of Removal was timely filed.

### C. Diversity of Citizenship

Diversity jurisdiction is available in suits between citizens of different states. 28 U.S.C. §1332(a)(1). A corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). Both parties agree that Blankenship is a citizen of Kentucky and that Allstate is a citizen of Delaware (incorporation) and Illinois (principal place of business). [Record No.3-4] Barring an exception, then, diversity of citizenship would exist between Blankenship and Allstate.

Blankenship urges that this Court take notice that the statute does provide an exception for actions between the insurer and a third party where the insured is not a party, providing that the insurer will be deemed to share the citizenship of the insured. 28 U.S.C. §1332(c)(1). In such a case, Congress has specifically exempted these "direct actions" from diversity jurisdiction, forbidding removal of a claim against the insurer when both the injured party and the insured tortfeasor are from the same state. *See Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6 (1989). In accordance with the strict construction of the removal statute which the *Northbrook* court requires, a majority of courts to consider these types of actions have held that where the

-8-

insured is suing the insurer, it does not constitute a direct action under §1332(c)(1).  *See Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3rd Cir. 1988); *Bowers v. Continental Ins. Co.*, 753 F.2d 1574, 1576 (11th Cir.), *cert. denied*, 473 U.S. 906 (1985); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979); *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993)

Given the language of the Supreme Court in *Northbrook* and the reasoning applied by our sister courts, this Court agrees with the majority of courts to have addressed this issue and finds that an action by an insured against an insurer is not a direct action under §1332©)(1).  Thus, Allstate is diverse from Blankenship for the purposes of this action.

### D.  Amount in Controversy

To establish whether the amount in controversy is sufficient to meet the $75,000.00 requirement of 28 U.S.C. §1332(a), the Court must look to state law to determine the nature and extent of the damages to be awarded.  State law will dictate what is actually at stake in the case, financially speaking.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961).  A defendant who seeks removal to federal court bears the burden of proof on the issue of whether the amount in controversy requirement has been met.  *McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).

Blankenship's Complaint contains no prayer for specific damages beyond $4,000, the jurisdictional minimum of the state circuit court in which it was filed.  In her motion to remand, she states without discussion or authority that she has not alleged damages in excess of $75,000.  [Record No. 3].

In their Reply, Allstate points out that Blankenship's Motion to Remand does not declare an intent to seek less than $75,000.00.  [Record No. 4] Allstate also argues that remand is improper unless it appears to a legal certainty that the amount in controversy is less than the jurisdictional amount.[2]

In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 452 (6th Cir. 1996).  Consequently, "events occuring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."  *Saint Paul*, 303 U.S. 283, 289-90.

This Court takes note of the fact that under state procedural rules, plaintiffs can make indeterminate complaints to defeat federal jurisdiction while maintaining an intent to seek recovery beyond that jurisdictional amount.  One of the ways in which plaintiffs can defeat removal is to take advantage of state counterparts to Rule 54(c) of the Federal Rules of Civil Procedure, which might enable a plaintiff to claim in his or her complaint an amount lower than the federal amount-in-controversy requirement in an attempt to defeat federal jurisdiction, while at the same time actually seeking and perhaps obtaining damages far in excess of the federal

---

2        Allstate relies, improperly, on *St. Paul Mercury Indemnity Co. v. Red Tab Co.*, 303 U.S. 283 (1938) to advance this argument.  The Supreme Court in *St. Paul* was addressing remand of cases originally brought by plaintiffs in federal court where the pleading specifically alleged an amount in excess of the jurisdictional requirements, not cases which were removed under diversity.  The Sixth Circuit has determined that *St. Paul* is inapposite to the current action. (*See Gafford* and discussion below.)

minimum requirement.[3] This practice often means plaintiffs can plead indeterminately or even specifically below the jurisdictional requirements merely to defeat federal jurisdiction.[4]

In response, the Sixth Circuit has joined the Fifth, Ninth, and Eleventh Circuits in following *McNutt*, rather than *St. Paul*, in order to determine the burden of proof the defendant must meet in order to prove the plaintiff's complaint exceeds the jurisdictional requirement. *McNutt*, 298 U.S. 178 (1936). In *Gafford*, the Sixth Circuit held that "the defendant must prove, "more likely than not," that the plaintiff's claims meet the federal amount-in-controversy requirement." 997 F.2d at 158. In that holding, the Sixth Circuit specifically rejects the two other standards which have garnered support in other courts, the "legal certainty" test that St. Paul applies to remand of cases originally brought in federal courts,[5] as well as the "a reasonable probability test" that the Second and Seventh Circuits have adopted.[6]

If successful, plaintiff's recovery would also be increased due to punitive damages that result from the "bad faith" claim. Punitive damages have been found to be properly considered in determining whether the amount in controversy exceeds the jurisdictional minimum, and

---

3    Rule 8.01(2) of the Kentucky Rules of Civil Procedure prevents a plaintiff from pleading unliquidated damages with any degree of specificity.

4    For a more complete discussion of the difficulties arising from the indeterminate complaint, *see also* Alice M. Noble-Allgire, *Removal of Diversity Actions When the Amount in Controversy Cannot be Determined from the Face of Plaintiff's Complaint*, 62 Mo. L. Rev. 681 (1997).

5    *See Chouest v. American Airlines, Inc.*, 839 F. Supp. 412 (E.D. La. 1993); *Kennedy v. Commercial Carriers, Inc.*, 739 F. Supp. 406 (N.D. Ill. 1990); *Hale v. Billups, Inc.*, 610 F. Supp. 162 (M.D. La. 1985).

6    *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir. 1997); *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418 (2nd Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993).

punitive damages may be aggregated with actual damages to meet the amount in controversy requirement. *Bell v. Preferred Life Assur. Soc., Etc.*, 320 U.S. 238, 2450 (1943).

As Blankenship has left her damages plea specifically indeterminate, it falls to this Court to make an evaluation of the actual amount in controversy in order to determine if the federal jurisdictional amount. Allstate has included in its Reply a number of examples of "bad faith" cases tried in Kentucky courts which have resulted in verdicts well above the jurisdictional requirement. [Record No. 4]. In response, Blankenship has offered no evidence outside bald assertion that the recovery sought is less than $75,000.00. As mandated by *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000), such post-removal attempts to defeat federal jurisdiction are not effective.

The evidence presented by Allstate is sufficient for it to carry its burden in the present case. This court is persuaded that it is more likely than not that Blankenship's claim, if successful, would result in recovery in excess of the jurisdictional requirement. Accordingly, the Court having determined that Allstate properly and timely removed the state court action to this Court; the parties are diverse and the amount in controversy exceeds $75,000 exclusive of costs and interest, it is hereby

**ORDERED** that Blankenship's motion to remand [Record No. 3] is **DENIED**.

This 30th day of August, 2005.



Signed By:

*Danny C. Reeves*

United States District Judge

-12-