UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE CO., | ) |
| Plaintiff, | ) Civil Action No. 7: 05-194-DCR |
| V. | ) |
| SHARON BLANKENSHIP, | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 30th, the Court denied Blankenship's motion to remand this action to the Pike Circuit Court based, in part, on its conclusion that the amount in controversy most likely exceeds $75,000.00, exclusive of interest and costs, in light of Blankenship's assertion of "bad faith" and her corresponding request for punitive damages. [Record No. 5] This matter is now pending for consideration of Allstate's motion for judgment on the pleadings. [Record No. 6] In support of this motion, Allstate argues that the holdings in *Phoenix Healthcare v. Kentucky Farm Bureau*, 120 S.W.3d 726 (Ky. App. 2003), and *Allen v. Safe Auto Insurance Company*, 332 F.Supp.2d 1044 (W.D.Ky. 2004), foreclose her claims. However, because Blankenship has asserted claims of "bad conduct" on behalf of Allstate in violation of Kentucky's Unfair Claims Settlement Practices Act, the Court finds that her claims should not be dismissed at this stage of the proceedings. Accordingly, Allstate's motion will be denied.

-1-

> **I.**     *Phoenix Healthcare v. Kentucky Farm Bureau*, **120 S.W.3d 726 (Ky. App. 2003)**

According to Allstate, *Phoenix Healthcare v. Kentucky Farm Bureau*, 120 S.W.3d 726 (Ky. App. 2003), precludes an action for bad faith where the party seeking to recover punitive damages against an insurer for its failure to pay basic reparations benefits. Allstate also cites *Allen v. Safe Auto Insurance Company*, 332 F.Supp.2d 1044 (W.D.Ky. 2004), in support of its argument.

*Phoenix Healthcare, supra,* involved an automobile accident in which the insured, Phyllis Jones, was treated by Dr. Talmadge Hays. Dr. Hays' billing agent, Phoenix Healthcare, sought payment for these services from Kentucky Farm Bureau (KFB), the insurer and basic reparations benefits obligor of Mrs. Jones. On March 14, 2002, Phoenix billed KFB $3,790.00 for a MRI. However, KFB advised Phoenix Healthcare that it was withholding payment pending peer review.

Under KRS 304.39-210, basic reparations benefits are to be paid within 30 days. The statute further provides that the provider will be obligated to pay interest if payments are not made within this time period. Further, KRS 304.39-220 allows a claimant to recover reasonable attorney's fees if legal assistance is required to recover an overdue amount. Against this statutory backdrop, KFB later paid the full amount of its coverage ($2,345.95) on May 1, 2002. However, because KFB exceeded the 30 day limitation for paying basic reparations benefits, Phoenix filed suit under Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230, seeking *inter alia*, punitive damages.

Phoenix Healthcare moved for summary judgment and that motion was granted by the trial court. On appeal, the court of appeals affirmed the dismissal of Phoenix's claims. In relevant part, the court concluded that KRS 304.39-210 and -220 of the Motor Vehicle Reparations Act provided the exclusive remedy "under the facts of the case." Citing *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985), the court noted that "where the statute both declares the unlawful act [here, failure to pay within 30 days] and specifies the civil remedy available to the aggrieved party [interest and a reasonable attorney's fee incurred in recovering payment], the aggrieved party is limited to the remedy provided by statute." *Id*. at 401.

II.     *Allen v. Safe Auto Insurance Company*, 332 F.Supp.2d 1044 (W.D.Ky. 2004).

*Allen v. Safe Auto Insurance Company*, 332 F.Supp.2d 1044 (W.D.Ky. 2004), involved two automobile accidents. The first accident occurred on January 16, 2003, when an unknown truck struck Allen's vehicle, but left the scene. Kepple, a passenger in Allen's vehicle at the time of the first accident, was involved in a second accident on June 15, 2003. At the time of the second accident, Kepple was driving a vehicle covered by Allen's policy with Safe Auto. Allen and Kepple filed claims under the uninsured motorists portion of the policy with Safe Auto. However, Safe Auto refused to pay these claims, asserting that the policy excluded hit-and-run accidents. Safe Auto also denied Kepple's claim for basic reparations benefits, claiming that Kepple was entitled to BRB coverage and that the company had engaged in bad faith in denying the benefits sought.

In addressing the plaintiffs' bad faith claims, United States Magistrate Judge James Moyer concluded that, because Kepple was not an insured under the policy in issue, he could not

assert a bad faith claim under Kentucky's Consumer Protection Act, KRS 367.110 *et seq*. Citing *Phoenix Healthcare, supra,* the court held that "Kepple's BRB claim is brought under the Kentucky Motor Vehicle Reparations Act, KRS 304.39-010, *et seq*., which subsumes his claim of bad faith." *Allen*, at 1049.

In her response to present motion, Blankenship argues that Allstate is not entitled to the relief requested under the standards applied to Rule 12(c) motions. [Record No. 7] As to the merits of Allstate's argument, she asserts that her complaint does not mention "bad faith." Instead, Blankenship contends that this is Allstate's characterization of the action. [Record No. 7, p. 4] According to Blankenship, she is "seeking damages against Allstate for it's (sic) refusal to pay her medical bills and provide her with no fault benefits which she is entitled under Motor Vehicle Reparations Act . . ." *Id.* She also contends that this case is distinguishable from *Phoenix Healthcare* because her insurer has not made any payments of basic reparations benefits.

### III. *Hartley v. GEICO Casualty Company*, 2004 Ky. App. LEXIS 270 (2004).

Allstate has not filed a reply concerning the pending motion. Likewise, neither party references *Hartley v. GEICO Casualty Company*, 2004 Ky. App. LEXIS 270 (2004) which would appear to limit the holding of *Phoenix Healthcare*, *supra*, and *Allen, supra*. In *Hartley*, the parents of a deceased minor child sued GEICO, claiming that it had acted in bad faith in handling their claim for medical benefits. On appeal, the appellate court concluded that its earlier holding in *Phoenix Healthcare* was not dispositive of the plaintiffs' bad faith claim. As the court explained,

> In *Phoenix Healthcare*, the lower court and the court of appeals only addressed the actual late payment of the medical bill in determining that Phoenix was

>limited to the remedies provided for in KRS 304.39-210 and -220. Neither the parties nor the courts addressed any conduct behind the late payment; the pleadings and arguments were solely dependent on the law and no facts were actually introduced into the record . . . . The same logic espoused in *FB Insurance* [864 S.W.2d 926 (Ky. App. 1993)] applies to the present case. KRS 304.39-210 and KRS 304.39-220 contain the "prod to prevent laxity in the adjustment of claims," while the injured party is free to seek relief from "more egregious behavior" by pleading a private cause of action through KRS 446.070. *Id*. Therefore, the holding in *Phoenix Healthcare* is limited to actions brought to recover for a late payment, and has no impact on suits regarding conduct, if any, behind the delay in payment. In conclusion, *a plaintiff alleging the late payment of basic reparations benefits is still permitted to bring a private cause of action under KRS 446.070 for bad faith under the Unfair Claims Settlement Practices Act and for punitive damages when alleging bad conduct on the part of the insurance carrier.* (Emphasis added.)

Id. at *12-*14.

While the holding in *Hartley, supra,* is not yet final, the Court believes it correctly expresses the current state of the law in this Commonwealth. Therefore, the question presented by Allstate's motion becomes whether Blankenship's complaint can be fairly viewed as asserting a claim of bad conduct under the Unfair Claims Settlement Practices Act which would give rise to a claim of punitive damages.

**IV.    Blankenship's Claims of "Bad Conduct" by Allstate.**

Blankenship's complaint alleges that she was involved in a motor vehicle accident on April 16, 2003, in Floyd County, Kentucky. At the time of the accident, she was insured by Allstate. While Blankenship allegedly has made repeated requests for payment of basic reparations benefits under her policy, Allstate has apparently denied these claims and has asserted that her claims are attributable to pre-existing injuries. Thus, this is not a situation in which questionable claims were paid beyond the 30 day statutory period. Instead, the claims

remain unpaid. As a result, Blankenship asserts in paragraph 7 of her complaint that Allstate's actions are "intentional, malicious and willful and have resulted in injury to the Plaintiff for which punitive damages should be recovered." [Record No. 1; attached complaint] Further, in paragraph 9, she claims that Allstate "violated the Unfair Claims Settlement Act by denying Plaintiff's request for payment and prior approval for treatment for injuries from the Defendant's negligence." *Id.* In Paragraph 10, Blankenship alleges that Allstate's actions also constitute a breach of its implied covenant of good faith and fair dealings.

Based upon the allegations contained in the complaint, it is clear that Blankenship has asserted claims for more than late payments. In addition to seeking such payments, she has alleged "bad conduct" on the part of Allstate under Kentucky's Unfair Claims Settlement Practices Act. While this Court cannot address the merit of such claims, at this stage of the proceedings, it must conclude that these claims do fall outside the limited holdings of the cases cited by Allstate. Accordingly, it is hereby

**ORDERED** that Allstate Insurance Company's motion for judgment on the pleadings [Record No. 6] is **DENIED**.

This 31st day of October, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge